UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHALDOUN HEJAZI,<br><br>Defendant. | Case No. 1:18-cr-00305-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Khaldoun Hejazi's Motion to Modify Conditions of Supervised Release. Dkt. 85. The Government opposes the modification of certain conditions, but not others. Dkt. 86. After considering the record and briefing, the Court will grant the motion in part and deny it in part.

## BACKGROUND

Mr. Hejazi pled guilty to conspiracy to export a defense article without a license and was sentenced to 30 months incarceration. Dkt. 62. Hejazi was arrested after a firearms dealer in Nevada contacted ATF regarding a suspicious transaction. Dkt. 57. Hejazi and a female attempted to purchase several firearms and have them shipped to four separate firearms dealers in Boise, Idaho. The

female provided a Colorado driver's license and Hejazi paid cash for 11 handguns. Hejazi advised the Nevada firearms dealer that a third-party would pick up the firearms from the Idaho firearms dealers. Hejazi later called the Nevada dealer and revised the order.

After the pistols were shipped to Idaho, law enforcement observed Hejazi and a third party enter the Idaho firearms dealer. The third party paid the transfer fee and filled out the paperwork for the pistols. Hejazi collected the firearms and left the store where police arrested him. Hejazi is prohibited from possessing firearms due to a previous felony conviction in the state of Colorado.

Discovery in the case showed that Hejazi communicated with a third-party in Jordan regarding shipping the guns to Jordan. Hejazi used WhatsApp to communicate with the third-party. Hejazi had planned to ship the pistols to Amman, Jordan without a license or written approval of the State Department. *Id.*

Hejazi previously filed *pro se* motions to modify his conditions of supervised release and place of release. Dkt. 64, 74. On January 20, 2021, counsel appeared on Hejazi's behalf and moved to withdraw the *pro se* motion to modify conditions of release. Now, through counsel, Hejazi seeks to modify some of the conditions of his release and transfer his supervision to the district of Colorado.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

A district court has broad discretion to modify conditions of supervised release. *United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014); 18 U.S.C. § 3583(e). In determining whether to modify supervised release conditions, the court: (1) considers the relevant § 3553 factors; (2) the provisions of Federal Rule of Criminal Procedure 32.1(c); and (3) follows the provisions applicable to the initial setting of the terms and conditions of post-release supervision. *Bainbridge*, 746 F.3d at 951. The relevant § 3553 factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007)); *see also United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (The relevant factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide

defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines.").

## ANALYSIS

### A. Unopposed Modifications

#### 1. Travel Outside the United States

Hejazi seeks to modify the condition of release requiring that he remain in the district where he is authorized to reside so that he is able to travel outside of the United States for business or to visit family. *See* Dkt. 62 at 4. As part of the plea agreement the Government agreed not to oppose Hejazi's request to be allowed to travel outside the United States while on supervision. The Court orally granted this request at sentencing, but it was not reflected in the judgment.

The Court will modify Standard Condition of Supervision 3, Dkt. 62 at 4, as follows:

> You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. You may travel outside the United States to conduct business or care for your family after requesting and receiving permission from your probation officer. Each trip may not exceed four weeks in length and must be solely for business or to care for family.

#### 2. Transfer Supervision to Colorado

Hejazi seeks to transfer his supervision to the District of Colorado where he has family and a support network. While Hejazi was arrested in Idaho, he has not

MEMORANDUM DECISION AND ORDER - 4

previously lived here and does not know anyone here. He does have family and friends in Colorado and seeks to reside there for the balance of his supervised release. The Government does not oppose the motion. The Court will grant the motion as to this condition and transfer Hejazi's supervision to the District of Colorado.

### 3. Drug Testing

Hejazi seeks to remove Mandatory Condition 3, Dkt. 62 at 3, requiring him to refrain from unlawful use of controlled substances and to submit to drug and alcohol testing. Hejazi does not appear to have any problems with drugs or alcohol and the Government does not oppose removing this condition. Accordingly, the Court will remove this condition of supervision.

### B. Electronic Device Monitoring

Hejazi seeks to remove two conditions of supervised release related to his possession and use of electronic devices. The Government opposes this requested modification.

The Additional Supervised Release Terms include the following:

The defendant may not possess or use a computer (as defined in 18 § 1030(e)(1)) without prior permission from the probation officer.

The defendant shall comply with the requirements of the United States Probation Computer Monitoring Program as directed. The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s), hardware, software, and other

**MEMORANDUM DECISION AND ORDER - 5**

      electronic devices/ media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/ media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

Dkt. 62 at 5. Hejazi did not object to these conditions at sentencings.

      Hejazi states that the monitoring condition has prevented him from obtaining two jobs. Dkt. 85-2 at 4-5. He further states that his previous employer will not rehire him with this condition in place. *Id.* According to Hejazi, all of the employers are concerned about disclosing their propriety information to a third-party – the probation officer. Hejazi argues that the condition requiring monitoring of his electronic devices is not justified where it prevents him from obtaining employment in his chosen profession. He argues that the same goal – detecting further criminal conduct – can be achieved through the condition allowing the probation officer to randomly inspect his computer and electronic devices and the condition requiring that he disclose financial information.

      Hejazi was arrested after attempting to obtain multiple firearms through a straw purchaser. From the PSR and statements of counsel at sentencing it appears that Hejazi was attempting to obtain the firearms to sell them to a Jordanian firearm dealer where they are worth considerably more. He used WhatsApp to

**MEMORANDUM DECISION AND ORDER - 6**

communicate with his connection in Jordan and, it appears, to coordinate previous firearm shipments. Hejazi's crime appears to have been financially motivated.

The above conditions are reasonably related to deterrence, protection of the public, and rehabilitation. Considering Hejazi's use of technology to facilitate the offense he was convicted for, and what appear to be other firearm shipments the Court finds that the condition is reasonably necessary to achieve those goals. Further, Hejazi's employment history and chosen profession is a bit of a mystery. The PSR indicated that he was self-employed in "strategic consulting," operated a hummus shop, and worked in financial services. Dkt. 57 at 23. While the computer monitoring condition may have interfered with some job opportunities the Court is not convinced that it will prevent Hejazi from finding gainful employment.

Moreover, Hejazi's suggested restriction – the probation officer's random inspection of his computers – would not solve the problem he identifies with the present restriction – potential employers unwilling to give probation officers access to their proprietary information. Accordingly, the motion as to the computer use and monitoring conditions will be denied.

### C. Fine Payment Schedule

At sentencing the Court imposed a fine of $30,000. The PSR indicated that Hejazi had a high net worth, however in his motion he indicates his only income is

**MEMORANDUM DECISION AND ORDER - 7**

from social security.[1] The Court ordered that the fine be paid in monthly instalments of not less than $1000. Hejazi has not met his monthly payment obligations. He seeks to reduce the monthly repayment amount to a nominal amount.

The Government initially opposed modification of this condition, but has since filed a supplemental response indicating they are not opposed to a modification at this time. Dkt. 87. As the Government states, it may seek to increase the amount when Hejazi's financial situation either becomes clearer or improves.

The Court will grant the motion and amend the monthly payment amount to 10% of gross income.

### D. Use of Credit

Hejazi also seeks to remove the condition prohibiting him from incurring new credit charges or opening additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule. Hejazi indicates that he needs to be able to incur new credit charges for international business travel. The Court struggles to understand how Hejazi, on the

---

[1] Paragraph 96 of the PSR indicating Hejazi had $559,702 in liabilities, which cuts both ways.

**MEMORANDUM DECISION AND ORDER - 8**

one hand cannot afford more than a nominal payment of the fine, but can obtain credit to pay for international travel. Further, the condition does not prohibit Hejazi from incurring new credit charges entirely. Instead, it requires him to obtain approval of his probation officer.

Hejazi's crime was financially motivated and the condition prohibiting incurring new credit charges without the approval of his probation officer is reasonably related to the crime. Accordingly, the Court will deny the motion to remove this condition.

## ORDER

**IT IS ORDERED that:**

1. Khaldoun Hejazi's Motion to Modify Conditions of Supervised Release is GRANTED in part and DENIED in part as described above.

2. Standard Condition of Supervision 3, Dkt. 62 at 4, is modified as follows:

> You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. You may travel outside the United States to conduct business or care for your family after requesting and receiving permission from your probation officer. Each trip may not exceed four weeks in length and must be solely for business or to care for family.

3. The Defendant's Supervision shall be TRANSFERRED to the District

**MEMORANDUM DECISION AND ORDER - 9**

of Colorado.

4.	Mandatory Condition 3, Dkt. 62 at 3, is modified to remove the portion related to drug testing. The Defendant is still prohibited from unlawful use of a controlled substance.

5.	The Schedule of Payments, Dkt. 62 at 7, is modified as follows:

During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $100 per month, unless further modified by the Court.

DATED: April 5, 2021

B. Lynn Winmill
U.S. District Court Judge